Rick L. Rose (5140)
Blake M. Biddulph (15541)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
rrose@rqn.com
bbiddulph@rqn.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JENNIFER WHITE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PACIFICORP d/b/a ROCKY MOUNTAIN POWER; LANCE K MEEK; and DOES 1-10,<br><br>　　　　　Defendants. | **DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Case No. 2:22-cv-00397-DAK-JCB<br><br>**REDACTED**<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

Defendants PacifiCorp d/b/a Rocky Mountain Power and Lane K. Meek (collectively "Defendants") submit the following Motion to Enforce Settlement Agreement.

**INTRODUCTION**

The Parties mediated on February 2, 2023, and the mediation concluded with Defendants offering ▇▇▇▇ and leaving that offer open for one week. Plaintiff accepted the offer on February 8, 2023, by email where Plaintiff's counsel wrote: "Jennifer White has decided to accept PacifiCorp's settlement offer of ▇▇▇▇" Plaintiff has since refused to sign a settlement

agreement. The Court should enter an order enforcing the settlement agreement because there was a clear acceptance of Defendants' settlement offer.

## FACTS

1. The Parties mediated on February 2, 2023, and the mediation concluded with Defendants offering ▮▮▮▮ (leaving that offer open for one week). (*See* Feb. 2 Email from G. Haslam to Counsel, all emails cited herein attached as Exhibit A.)

2. Plaintiff accepted Defendants' offer on February 8, 2023. (*See* Feb. 8, 2023 Email from R. Shelton to B. Biddulph ("Jennifer White has decided to accept PacifiCorp's settlement offer of ▮▮▮▮").)

3. Defendants sent Plaintiff's counsel a draft settlement agreement on February 9, 2023 for approval. (*See* Feb. 9, 2023 Email from B. Biddulph to R. Shelton.)

4. Plaintiff's counsel approved the settlement agreement that same day. (Feb. 9, 2023 Email from R. Shelton to B. Biddulph ("Approved, thanks for drafting.").)

5. Plaintiff's counsel subsequently requested that Defendants simplify the language of the release. (March 1 Email from R. Shelton to B. Biddulph.)

6. Defendants did so twice, but Plaintiff still has not signed the settlement agreement and is now unreachable by Plaintiff's counsel. (March 2 Email from R. Shelton to B. Biddulph.)

## ANALYSIS

**I.   THE COURT SHOULD ENFORCE THE SETTLEMENT AGREEMENT.**

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while litigation is pending before it." *Miller v. Basic Research, LLC*, No. 2:07-CV-871 TS, 2013 WL 1194721, at *5 (D. Utah Mar. 22, 2013); *see also, Mascaro v. Davis*, 741 P.2d 938, 942 (Utah 1987) ("The decision of a trial court to summarily enforce a settlement agreement

will not be reversed on appeal unless it is shown that there was an abuse of discretion."). The issues surrounding the enforceability of such an agreement are resolved by applying state contract law. *Miller*, 2013 WL 1194721, at *5.

"Under Utah law, courts will enforce settlement agreements 'if the record establishes a binding agreement and the excuse for nonperformance is comparatively unsubstantial.'" *Id*. "Furthermore, '[i]t is a basic and long-established principle of contract law that agreements are enforceable even though there is neither a written memorialization of that agreement nor the signatures of the parties, unless specifically required by the statute of frauds.'" *Id*.

For there to be an enforceable contract, there must be a meeting of the minds of the parties spelled out with sufficient definiteness to be enforced. *Id*. "It is not necessary that the contract provide for every collateral matter or possible contingency. Rather, the requirement is that 'the parties themselves must have set forth with sufficient definiteness at least the essential terms of the contract.'" *On the Planet v. Intelliquis Int'l, Inc.,* No. 2:99CV324K, 2000 WL 33363260, at *4 (D. Utah May 23, 2000). In addition, the conduct of both parties may also be considered in determining whether they entered into an agreement. *See id.* (noting that the fact that counsel for the parties had called the Court to inform them that a settlement had been reached was evidence that the parties had reached an agreement). Also, "the fact that the [agreement] was to be superseded by more formal documentation does not undermine the binding nature of what was agreed upon." *Miller*, 2013 WL 1194721at *5.

It is indisputable that the Parties reached a settlement in this matter for a specific amount to be paid by Defendants. Plaintiff's counsel's February 8 email is crystal clear. Accordingly, the Court should grant Defendants' motion and enter an order enforcing the settlement

agreement.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion and enforce the settlement agreement.

DATED this 24th day of April, 2023.

                                              RAY QUINNEY & NEBEKER P.C.

                                              /s/ Blake M. Biddulph
                                              Rick L. Rose
                                              Blake M. Biddulph

                                              *Attorneys for Defendants*