IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JENNIFER WHITE,** <br><br> Plaintiff, <br><br> vs. <br><br> **PACIFICORP, et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:22-CV-397-DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendants PacifiCorp and Lane K. Meeks' Motion to Enforce Settlement Agreement. Plaintiff filed a response but not an opposition. After reviewing the materials submitted by the parties and the facts and law relevant to the motion, the court enters the following order.

## BACKGROUND

Plaintiff seeks to enforce a settlement agreement the parties reached on February 8, 2023, when Plaintiff's counsel wrote an email that his client "has decided to accept PacifiCorp's settlement offer of $60,000." Plaintiff's counsel admits to sending the email and has written communications from his client demonstrating that she accepted the offer.

Defendants sent Plaintiff's counsel a draft settlement agreement on February 9, 2023, for approval. Plaintiff's counsel approved the agreement the same day. Plaintiff's counsel subsequently requested that Defendants simplify the language of the release. Defendants have done so twice. Plaintiff, however, has not signed the settlement agreement and is now unreachable by Plaintiff's counsel.

## DISCUSSION

In *United States v. Hardage*, 982 F.2d 1491 (10th Cir. 1993), the Tenth Circuit recognized that a trial court "has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Id.* at 1496. "'Settlements are favored in the law, and should be encouraged, because of the obvious benefits accruing not only to the parties, but also to the judicial system.'" *Murray v. State of Utah*, 737 P.2d 1000, 1000 (Utah 1987) (quoting *Tracy-Collins Bank & Trust Co. v. Travelstead*, 592 P.2d 605, 607 (Utah 1979)).

The Utah courts have also recognized that a settlement agreement is enforceable even if it has not been reduced to writing: "The fact that plaintiffs had not yet signed a written agreement is of no legal consequence. It is a basic and long-established principle of contract law that agreements are enforceable even though there is neither a written memorialization of that agreement nor the signatures of the parties, unless specifically required by the statute of frauds." *Murray*, 737 P.2d at 1001. The statute of frauds is not an issue in this case. Therefore, the only issue is whether the parties reached an enforceable agreement.

In this case, there is an adequate showing that the parties reached a settlement. The parties have email communications demonstrating that they agreed to a specific amount for Defendants to pay. "[T]he fact that the [agreement] was to be superseded by more formal documentation does not undermine the binding nature of what was agreed upon." *Miller v. Basic Research*, No. 2:07-CV-871-TS, 2013 WL 1194721, at *5 (D. Utah Mar. 22, 2013). Plaintiff's counsel also approved of the agreement once it was reduced to a formal written agreement. Plaintiff's subsequent request to simplify the release language does not undermine the agreement that parties had already reached. Accordingly, the court grants Defendants' motion to enforce the

settlement agreement and dismisses this action in its entirety.

DATED this 26th day of April, 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge